In re Marylou C. JOHNSON, Debtor.

No. 99–11603–9P3.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Nov. 21, 2005.

Richard J. Hollander, Naples, FL, for Debtor.

*ORDER ON SUSAN L. ADKINS' RENEWED MOTION TO ENFORCE MEDIATED SETTLEMENT AGREEMENT*

(Doc. No. 68)

ALEXANDER L. PASKAY, Chief Bankruptcy Judge.

THE MATTER under consideration in this reopened Chapter 13 case of Marylou C. Johnson (Debtor) is Susan L. Adkins' (Ms. Adkins) Renewed Motion to Enforce Mediated Settlement Agreement (Doc. No. 68). The following facts are undisputed:

On July 15, 1999, Debtor filed a voluntary Petition under Chapter 13. She listed Ms. Adkins as having a disputed, unliquidated debt. On October 14, 1999, this Court issued an order referring both parties to resolve their dispute through mediation. On November 18, 1999, this Court approved a Stipulation and Joint Motion for Approval of Compromise of Controversy between the parties and retained jurisdiction over the subject matter to enforce the Mediated Settlement Agreement (Agreement), if necessary. On January 28, 2000, this Court issued an Order Withdrawing Claim of Ms. Adkins. On February 15, 2000, this Court confirmed a Chapter 13 Plan for Debtor, which did not address or provide for the debt referenced by the Agreement. On August 7, 2000, this Court entered an Order of Discharge pursuant to Section 1328 discharging all of the Debtor's dischargeable debts provided for under the Plan. On December 22, 2000, a Final Decree was entered closing the Chapter 13 case.

On September 5, 2001, Ms. Adkins moved the Court to reopen the Chapter 13 case arguing that this Court had retained jurisdiction over the subject matter in order to enforce the Agreement. At issue was the portion of the settlement pursuant to which the Debtor agreed to pay Ms.

Adkins $35,000.00 in return for the release of her 35 percent ownership of a 44–foot sailboat named "Blessing." The Agreement stipulated that the payment had to be made to Ms. Adkins (1) within one year of the dismissal of the Debtor's bankruptcy case, or (2) immediately upon the sale of the boat, or (3) no later than four years from the date of the Agreement.

Upon this Court's granting the Motion and reopening of the Debtor's Chapter 13 case, Ms. Adkins filed a Motion to Enforce the Mediated Settlement Agreement arguing that it had been more than a year since the Chapter 13 case was closed, thus, payment was due from the Debtor. Ms. Adkins also noted in her Motion that the boat sank one mile off of Ft. Lauderdale, Florida, on August 17, 2001, and that the insurer was denying the claim.

This Court heard the parties on this issue and then on March 6, 2002, denied the Motion. Ms. Adkins then filed a Motion for Rehearing or Reconsideration, which was also denied.

On January 28, 2003, Ms. Adkins filed another Motion to Enforce the Mediated Settlement Agreement, arguing that she was due the payment because the Debtor had sold the boat for salvage. This Court initially deferred ruling on the Motion pending the outcome of the Debtor's claim against the insurer for the value of the boat. On October 10, 2003, Ms. Adkins filed a Supplemental Motion to Enforce Mediated Settlement Agreement arguing that four years had elapsed since the Agreement date, which was the latest deadline for the Debtor to pay Ms. Adkins the $35,000.00. This Court continued hearing on the Motion pending the Eleventh Circuit Court of Appeal's decision on the appeal related to the Debtor's claim against the insurer.

On September 26, 2005, Ms. Adkins filed a Renewed Motion to Enforce Mediated Settlement Agreement (Doc. No. 68) based upon the fact that the Eleventh Circuit Court of Appeals affirmed the District Court for the Middle District of Florida's ruling against the Debtor in her lawsuit against her insurance company for the value of the boat, thus, the claim is ripe for consideration.

Having retained subject matter jurisdiction over this Agreement, the Court finds that this Agreement is enforceable. The Agreement provided for three events that would trigger Debtor's responsibility to immediately pay the $35,000.00 debt. Because the Chapter 13 was not dismissed, but consummated and closed, no due date was ever triggered. However, the record is without dispute that, first, the boat was sold for salvage in early 2003, and second, the four-year deadline from the date of the Agreement passed in mid–2003. Regardless of whether the Debtor receives money from her insurer for the value of the boat, she still owes the debt to the Ms. Adkins.

Based on the foregoing, this Court is satisfied that the Motion should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Susan Adkins' Renewed Motion to Enforce Mediated Settlement Agreement be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that Marylou C. Johnson has 30 days from the date of this Order in which to submit the $35,000.00 to Ms. Adkins. If the Debtor fails to comply with this Order, Ms. Adkins may submit a Final Judgment to this Court for which execution issue.

DONE AND ORDERED.